Michael Peffer (SBN: 192265)
Email: michaelpeffer@pji.org
Nilab Sharif (SBN: 231296)
Email: nsharif@pji.org
PACIFIC JUSTICE INSTITUTE
2200 North Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150

Attorneys for Plaintiff,
MARITSSA BONILLA-GUERRA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITSSA BONILLA-GUERRA, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>CHAFFEY COMMUNITY COLLEGE DISTRICT ("CHAFFEY") AND DOES 1-10, inclusive<br><br>              Defendants. | Case No.:<br><br>VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] (DEMAND FOR JURY TRIAL) |

**COMES NOW, Plaintiff, MARITSSA BONILLA-GUERRA (hereinafter "PLAINTIFF"), and for her Complaint alleges as follows:**

**INTRODUCTION**

Plaintiff, MARITSSA BONILLA-GUERRA brings this action against CHAFFEY COMMUNITY COLLEGE DISTRICT ("CHAFFEY") a public entity. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C.§ 2000e et. seq.).

Plaintiff has worked for the Defendant for 8 years. In 2021, Defendant required its employees to be vaccinated for SARS-CoV-2 (COVID-19) pursuant to the Defendant's Chaffey Community College District Employee Mandatory Vaccination Implementation Plan ("the Plan"). Because of the Plaintiff's faith, she sought an accommodation for her sincerely held religious beliefs to be exempt from taking the vaccine. Although Plaintiff's religious exemption request was approved, Defendant chose to treat Plaintiff unfavorably because of her religious beliefs by offering her unreasonable accommodations and engaging in retaliatory actions against Plaintiff.

The gravamen of the complaint is that Defendant refused to reasonably accommodate, otherwise discriminated against, and retaliated against Plaintiff because she sought an accommodation based on her religious beliefs.

**JURISDICTION AND VENUE**

1.    The Court has authority over the action pursuant to 28 U.S.C. § 1331,

in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court has supplemental jurisdiction over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in the Central District of California under 42 U.S.C. §2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of the School's District where the alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Eastern Division. The Defendant is headquartered in Rancho Cucamonga, San Bernadino County, and the situs of the alleged unlawful employment practices took place at the Defendant's Rancho Cucamonga location.

**PARTIES**

**PLAINTIFF**

3.     At all times relevant herein, MARITSSA BONILLA-GUERRA was an employee of CHAFFEY since 2016. Ms. BONILLA-GUERRA worked as a Scholarship Program Specialist. Ms. BONILLA-GUERRA resided in the county of San Bernadino at the time of the events that gave rise to the Complaint.

/ / /

/ / /

/ / /

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

## **DEFENDANT**

4.    Upon information and belief, CHAFFEY is a public entity operating and headquartered in the city of Rancho Cucamonga, San Bernardino, California. At the time of the events that gave rise to this Complaint, CHAFFEY employed PLAINTIFF as a Scholarship Program Specialist.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive are unknown to PLAINTIFF at the time, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend the Complaint when the true names, capacities, and responsibilities have been ascertained.

## **STATEMENT OF FACTS**

6.    At all times relevant hereto, PLAINTIFF was performing competently in the position she held with DEFENDANT.

7.    PLAINTIFF began her career with DEFENDANT in 2016 as a Scholarship Program Assistant. Her current role at CHAFFEY is a Foundation Scholarship Program Specialist.  PLAINTIFF is a classified employee. PLAINTIFF is a member of the CSEA Union.

8.     Due to COVID-19, DEFENDANT went to a mainly fully remote work and instruction model in 2020.

9.     On July 22, 2021, DEFENDANT published its COVID-19 reopening plan. According to the reopening plan, all managers and classified employees were to return to work at least 50 percent of the time onsite, and to continue to work remotely the other 50 percent of the time starting August 10, 2021.

10.    On August 17, 2021, the Chaffey Governing Board passed a COVID-19 Vaccine Mandate ("the Mandate") that required employees to show proof of vaccination by October 15, 2021. The Mandate allowed for employees and students to request an exemption based on a sincerely held religious belief or a medical condition.

11.    On October 15, 2021, PLAINTIFF submitted a Request for a Religious Exemption from the Vaccine Mandate due to a conflict between her sincerely held religious beliefs and the COVID-19 vaccine. In her request, PLAINTIFF explained her belief in the sanctity of the body. Her statements included: "My body is the perfect creation of God; his temple. His design so perfect, that I refuse to alter his holy creation to be manipulated by the creation of a simple man. This, to me, is the biggest of sins and a direct violation to God's laws."

12.    On October 15, 2021, PLAINTIFF submitted a Request for a Religious Exemption from the COVID-19 Vaccine Mandate due to her sincerely held religious

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

beliefs. On the same day, DEFENDANT acknowledged receipt of PLAINTIFF's exemption request via email and informed her that an interactive process meeting would be held on October 18, 2021.

13.    Following the October 18, 2021 meeting, DEFENDANT memorialized the accommodations in an email sent on October 22, 2021, detailing the following measures effective, October 27, 2021:

      a.  PLAINTIFF's work location would be moved to a less populated area onsite;

      b.  PLAINTIFF would participate in up to twice-weekly onsite COVID-19 testing; and

      c.  PLAINTIFF would be required to wear a mask and maintain social distancing in accordance with the District's COVID-19 procedures while onsite or at any District facility.

14.    The less populated work area PLAINTIFF was assigned to was in fact an empty classroom. PLAINTIFF was not allowed to retrieve her items from her office without going through Human Resources, even when she informed them that neither her desk nor her ergonomic chair, which she needed for medical reasons, had been moved to the empty classroom. This complete isolation and segregation from other employees because of her vaccination status and exemption request caused PLAINTIFF to feel humiliated.

- 6 -

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

15.    On December 17, 2021, DEFENDANT held another interactive process meeting with PLAINTIFF, resulting in modifications to her work schedule and accommodations. In its communication memorializing the meeting, DEFENDANT informed PLAINTIFF that effective January 3, 2022, PLAINTIFF was required to comply with the following:

a.  Work onsite from 5:00 a.m. to 7:00 a.m., Monday through Friday, in the Foundation office. However, since this schedule would only meet a portion of PLAINTIFF's 50% requirement of onsite work (4 hours per day), for "the other two hours that you will not be performing onsite work, the District will provide you with a paid leave of absence using your accumulated vacation and/or an unpaid leave of absence. Both paid and unpaid leaves of absence are forms of reasonable accommodation."

b.  Additionally, PLAINTIFF's supervisor would assign her four hours of remote work daily.

c.  PLAINTIFF was required to undergo weekly COVID testing on Tuesdays and Thursdays;

d.   Continue wearing a mask and maintaining social distancing.

/ / /

/ / /

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

In its communication, DEFENDANT acknowledged that these accommodations would eliminate essential functions of PLAINTIFF's job, but could still be provided at DEFENDANT's discretion.

16.     As a result of her modified work hours, it became difficult for PLAINTIFF to complete her assigned tasks on time. Therefore, on January 18, 2022, PLAINTIFF emailed DEFENDANT expressing her concerns about her increased workload. She explained that due to technical difficulties and changes in the accounting system, there was a higher volume of student inquiries, which made it impossible for her to complete her work within the four-hour remote work schedule. PLAINTIFF asked DEFENDANT if she could be permitted to work an eight (8) hour shift in order to allow her some additional time to complete her work.

17.     In response, on January 21, 2022, DEFENDANT directed PLAINTIFF to continue working the original schedule of eight hours remotely on Mondays and Fridays; but that she would have to work onsite from 5:00 a.m. to 7:00 a.m., followed by remote work from 8:30 a.m. to 12:30 p.m. on Tuesdays through Thursdays. PLAINTIFF was still required to use two (2) hours of paid leave. This modified accommodation still required PLAINTIFF to work at her regular "full-time" capacity and continue meeting the same work demands. As a result, PLAINTIFF continued to experience difficulties completing her tasks. Despite PLAINTIFF's further communications to DEFENDANT regarding the same issues concerning her

work load and work schedule, PLAINTIFF did not receive any help until many months later.

18.    Due to the stress and anxiety stemming from her unreasonable work hours and heavy workload, PLAINTIFF emailed DEFENDANT on February 3, 2022 explaining that she needed to take a sick day and requested a meeting to discuss her concerns stemming from her work. In her email, PLAINTIFF further explained that she was experiencing panic attacks, physical  pain, mental and emotional distress, and had suffered a pinched nerve while working onsite.

19.    On February 4, 2022, DEFENDANT's Safety and Risk Management department provided PLAINTIFF with directives and forms to complete regarding her injury sustained on February 1, 2022. PLAINTIFF submitted the completed forms the same day.

20.    On February 8, 2022, DEFENDANT's Safety and Risk Management department informed PLAINTIFF that she could perform her regular duties from home until her claim was accepted. Until that time, PLAINTIFF was required to use her personal leave for any time off, including the four hours per day she was required to work onsite. The communication further stated that "if, your claim is accepted, any time you took off for your industrial injury will be reimbursed and industrial leave will take its place." PLAINTIFF, however, did not receive such reimbursement due to DEFENDANT's denial of her claim on May 4, 2022.

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

21.    On March 15, 2022, PLAINTIFF's doctor placed her on work restrictions allowing her to only work four (4) hours per day from home.

22.    On April 5, 2022, PLAINTIFF's work restrictions were modified allowing her to work four (4) hours per day both onsite and from home effective April 19, 2022.

23.    After receipt of the May 4, 2024 denial of her worker's compensation claim, PLAINTIFF sought care from a psychiatrist to treat her depression and anxiety she continued to suffer as result of her job.

24.    On May 26, 2022, DEFENDANT held another interactive process meeting with PLAINTIFF regarding the summer schedule.

25.    On June 3, 2022, DEFENDANT emailed PLAINTIFF, memorializing the May 26, 2022 interactive process meeting and detailing her new schedule from June 6, 2022, to July 29, 2022:

a.    PLAINTIFF's onsite workdays were Tuesdays and Thursdays from 7:00 a.m. to 6:00 p.m., with a one-hour lunch break;

b.    Work remotely on Mondays and Wednesdays from 7:00 a.m. to 6:00 p.m.;

c.    PLAINTIFF was required to continue weekly COVID testing;

d.    PLAINTIFF was now required to wear an N95 or surgical mask at all times, except while outdoors or in a private office.

26.    In response to these updated masking requirements, PLAINTIFF inquired about submitting a mask exemption due to her severe asthma, which caused her to struggle with breathing while wearing a face mask.

27.    On June 6, 2022, DEFENDANT provided PLAINTIFF with a link to the mask exemption form. However, DEFENDANT also stated that if PLAINTIFF felt she could not work onsite with a mask, she would be required to use her leave for the 50% onsite requirement. DEFENDANT did not initiate an interactive accommodation process with PLAINTIFF.

28.    On June 7, 2022, PLAINTIFF responded to DEFENDANT's email reiterating her struggles with breathing while wearing a mask, explaining that her panic attack occurred while wearing a mask onsite at the testing location; and expressed her disappointment about having to continue to use her accrued leave as an accommodation.

29.    On June 8, 2022, DEFENDANT responded to PLAINTIFF's email stating, "I'm not sure why you feel that you should not use leave for the time you are scheduled to work onsite but cannot be due to an accommodation. It would be a gift of public funds for the District to pay you for time that you do not work." DEFENDANT still did not initiate an interactive process with PLAINTIFF.

30.    PLAINTIFF submitted a medical mask exemption, completed by her doctor, on June 19, 2022. PLAINTIFF's doctor released her for work onsite as long as she

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

was not required to wear a mask, and recommended the use of a face shield as an alternative. However, DEFENDANT did not allow PLAINTIFF to return to work onsite with the use of a face shield.

31.    On June 23, 2022, PLAINTIFF was released to work at full capacity effective June 23, 2022.

32.    Following her medical release to return to work, PLAINTIFF received communication that effective July 14, 2022, she would be required to wear a facial mask when interacting with co-workers, staff, and students in the office for periods of 10 minutes. However, DEFENDANT did not provide PLAINTIFF with a return to work onsite date.

33.    On July 26, 2022, PLAINTIFF, still not having received any communications from DEFENDANT about a return date, emailed DEFENDANT inquiring of the same.

34.    On July 28, 2022, DEFENDANT finally informed PLAINTIFF that face shields were not an acceptable alternative and that PLAINTIFF's file would be forwarded to Shaw HR Consulting for further handling of the accommodation process. DEFENDANT's communication further stated that she could continue to work remotely at 50% remote (5 hours per day during the summer schedule/ 4 hours per day non-summer schedule) through Friday, July 29. However, effective Monday, August 1,  PLAINTIFF's onsite work would increase to 80% with one day of remote

work per week. PLAINTIFF was again required to use her accrued leave for the time she was not able to work onsite due to her medical limitations of wearing a mask.

35.    On August 1, 2022, PLAINTIFF responded to DEFENDANT's email explaining that she was close to exhausting all of her paid leave, that her job was her only source of financial support as a single mother, and that she was experiencing extreme financial hardship as a result of not being allowed to return to work onsite. Faced with the possibility of becoming homeless due to her financial circumstances, PLAINTIFF offered to wear a mask while on campus. PLAINTIFF also explained that she had previously been informed by another Human Resources employee that face shields were in fact an approved medical accommodation.

36.    Plaintiff was eventually allowed to return to onsite work with the requirement that she wear a mask for two hours at a time, with a ten (10) minute break in between.

37.    During the time periods that PLAINTIFF was required to work split shifts, she was denied a 7% split shift stipend to which she was entitled pursuant to the terms of her Collective Bargaining Agreement, Section 9.9.3.

38.    Although DEFENDANT's stated goal to employees seeking religious accommodation was for zero contact between unvaccinated employees and vaccinated employees and students, it is PLAINTIFF's belief and understanding that this goal did not apply to some unvaccinated faculty who were permitted to work onsite during normal business hours of 7:30am-4:30pm, were free to access various

- 13 -

areas of the college campus, and were not required to follow safety protocols (i.e. social distancing and masking). Accordingly, PLAINTIFF believes DEFENDANT's adverse employment actions and implementation of unreasonable accommodations, were a direct result of her religious beliefs.

39.    As a further demonstration of its discriminatory animus towards unvaccinated employees who sought religious accommodations, DEFENDANT offered and paid vaccinated classified employees a $1,000 bonus.

40.    PLAINTIFF continued to follow DEFENDANT's accommodations plan until Chaffey's Governing Board passed Resolution No: 111622B, which ended the Vaccine Mandate effective January 1, 2023.

41.    In July 2021, before DEFENDANT implemented its COVID-19 vaccine mandate, the Centers for Disease Control (CDC) admitted that the approved covid vaccines do not prevent the transmission of covid between individuals, and that "vaccinated people . . . can transmit the virus." [1]

42.    Further, regular testing had been found to be an acceptable practice as an alternative to vaccination by the appropriate authorities.

---

[1] *See Statement from CDC Director Rochelle P. Walensky, MD, MPH on Today's MMWR* December 19, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html (last visited on 2024) (emphasis added).

43.     Accordingly, it was clear to DEFENDANT that vaccinated employees could transmit the COVID virus when it discriminated and retaliated against PLAINTIFF by insisting on moving her to a different work location, treating her differently from other unvaccinated employees due to her religious beliefs, forcing her to work unreasonable onsite hours while admitting, refusing to pay her the 7% split-shift pay differential to which she was entitled, and denying her an accommodation to the N95 mask mandate despite PLAINTIFF's submission of a mask exemption from her physician.

44.     PLAINTIFF received a Notice of Right to Sue (NRTS) from the EEOC on June 25, 2024. PLAINTIFF's EEOC NRTS serves as "Exhibit One" to this Complaint.

## **FIRST CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Reasonable Accommodation Against Defendant**

45.     PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

46.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any

individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

47.    A plaintiff can make out a Title VII prima facie case for a failure to accommodate by showing (1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment because of her inability to fulfill the job requirements. *Tiano v. Dillard Dep't Stores, Inc.,* 139 F.3d 679, 681 (9th Cir. 1998).

48.    Accordingly, employers cannot treat employees more or less favorably due to their religion.

49.    The accommodation offered by the employer must be reasonable. *Lewis v. New York City Transit Auth.*, 12 F.Supp.3d 418, 442-45 (E.D.N.Y. 2014).

50.    PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

51.    PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANT to accommodate her

- 16 -

sincerely held religious belief.

52.     Even though PLAINTIFF's religious exemption request was accepted, DEFENDANT chose to offer accommodations which were not reasonable.

53.     DEFENDANT insisted on discriminating against PLAINTIFF despite the CDC's statement that vaccinated individuals could transmit the COVID virus.

54.     DEFENDANT further discriminated against PLAINTIFF when it treated PLAINTIFF unfavorably and differently based on her religious beliefs.

55.     Therefore, PLAINTIFF's religious beliefs and practices were a motivating factor in DEFENDANT's decisions.

56.     PLAINTIFF suffered significant damages because of DEFENDANT's unlawful discriminatory actions, including emotional distress, past lost wages and benefits, and the costs of bringing the action.

57.     DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

58.     PLAINTIFF is entitled to compensatory damages, attorney's fees, lost wages, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

59.     PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

/ / /

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Retaliation Against Defendant**

60.    PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

61.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a)(1), prohibits retaliation by an employer, employment agency, or labor organization because an individual has engaged in protected activity.

62.    The EEOC and the Department of Labor have taken the position that requesting a religious accommodation is a protected activity under Title VII.

63.    According to the EEOC, retaliation includes a fact pattern where an employee has opposed discrimination on the basis of religion, or complained about alleged religious discrimination. https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination.

64.    To make out a prima case for retaliation under Title VII, a plaintiff must show that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the employer's act. *Yanowitz v. L'Oreal USA, Inc*., 36  Cal.4th  1028,  1042(2005); *Passantino  v.  Johnson  &  Johnson Consumer Prods., Inc*., 212 F.3d 493, 506 (9th Cir. 2000).

65.    PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

66.    PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

67.    PLAINTIFF engaged in a protected activity when she submitted to DEFENDANT a request for a religious accommodation to her sincerely held religious belief.

68.    PLAINTIFF further engaged in a protected activity when she submitted her mask accommodation request from her physician to DEFENDANT's N95 mask mandate.

69.    Soon after her submission of a religious exemption request, PLAINTIFF was subjected to unfavorable treatment by DEFENDANT.

70.    DEFENDANT willfully proposed accommodations which were not reasonable.

71.    DEFENDANT willfully denied a 7% split shift stipend to which she was entitled pursuant to the terms of her Collective Bargaining Agreement

72.    DEFENDANT insisted on taking adverse actions against PLAINTIFF despite its knowledge that vaccinated employees can transmit the virus. Therefore, PLAINTIFF's submission of a religious accommodation request, and her complaints to DEFENDANT about unfavorable and differential treatment were motivating

factors in DEFENDANT's discriminatory and retaliatory treatment of PLAINTIFF.

73.    PLAINTIFF suffered significant damages because of DEFENDANT's unlawful retaliatory actions, including emotional distress, past lost wages and benefits, and the costs of bringing the action.

74.    DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

75.    PLAINTIFF is entitled to compensatory damages, attorney's fees, lost wages, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

76.    PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

### Breach Of The Implied Covenant Of Good Faith And Fair Dealing
### Against Defendant

77.    PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

78.    PLAINTIFF was at all times relevant herein an employee who performed her job in an exemplary manner.

79.    DEFENDANT and PLAINTIFF entered into an employment relationship in 2016.

80.    PLAINTIFF timely submitted her religious exemption request to DEFENDANT seeking an accommodation to its vaccine mandate.

81.    PLAINTIFF timely submitted her mask exemption request to DEFENDANT seeking an accommodation to its N95 mask mandate

82.    According to California law, employment contracts consist of "an implied promise of good faith and fair dealing." "This implied promise means that neither the employer nor the employee will do anything to unfairly interfere with the right of the other to receive the benefits of the employment relationship." CACI 2423; (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654).

83.    An employer breaches the implied covenant of good faith and fair dealing by acting in bad faith to prevent an employee from enjoying the benefits of his or her employment contract, thus causing the employee damage. (*Foley v. Interactive Data Corp*. (1988) 47 Cal.3d 654, 683; *Sheppard v. Morgan Keegan & Co*. (1990) 218 Cal.App.3d 61, 66; see also BAJI 10.05, 10.35, 10.38.)

84.    DEFENDANT breached its obligation to PLAINTIFF to act in good faith and fair dealing when it:

   a. Approved PLAINTIFF's religious exemption request to its vaccine mandate without any intention of granting PLAINTIFF a reasonable accommodation;

b. Retaliated against her by treating her unfavorably, acts which included forcing PLAINTIFF to work split shifts and outside of normal business hours, denying her a 7% split shift stipend, and treating vaccinated employees more favorably via its $1,000 bonus incentive;

c. Refused to engage in good faith discussions regarding PLAINTIFF's request for a reasonable accommodation;

d. Denied PLAINTIFF's N95 mask accommodation request even though use of face shields were previously approved; and

e. Treated PLAINTIFF differently and unfavorably from other unvaccinated staff due to her religious beliefs even though it was aware of the lack of the COVID vaccine's efficacy.

85. PLAINTIFF suffered damages because of DEFENDANT's unlawful discriminatory actions, including emotional distress and the cost of bringing this action.

86. DEFENDANT intentionally violated PLAINTIFF's rights under CACI 2423 and, as a result, is liable for compensatory damages.

87. PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court grant relief as follows:

A.      Award PLAINTIFF past lost wages in an amount according to proof;

B.      Award PLAINTIFF compensatory damages in an amount according to proof;

C.      Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

D.      Award PLAINTIFF her reasonable attorney's fees and costs of suit;

E.      Enjoin DEFENDANT from engaging in future violations of Title VII;

F.      Declare that DEFENDANT has violated Title VII of the Civil Rights Act; and

H.      Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.


DATED: 9/23/2024                **PACIFIC JUSTICE INSTITUTE**


                                By:_____

                                MICHAEL J. PEFFER, ESQ.,
                                NILAB O. SHARIF, ESQ.
                                Attorneys for Plaintiff,
                                MARITSSA BONILLA-GUERRA

## **DEMAND FOR JURY TRIAL**

Plaintiff, MARITSSA BONILLA-GUERRA, hereby demands a jury trial in the matter.

DATED: 9/23/2024                **PACIFIC JUSTICE INSTITUTE**

By:_____

MICHAEL J. PEFFER, ESQ.,
NILAB O. SHARIF, ESQ.
Attorneys for Plaintiff,
MARITSSA BONILLA-GUERRA

**VERIFICATION**

I, MARITSSA BONILLA-GUERRA, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 23rd day of September 2024, in the county of San Bernardino, State of California.

_Maritssa Bonilla-Guerra_
Maritssa Bonilla-Guerra (Sep 23, 2024 15:07 PDT)

_____

MARITSSA BONILLA-GUERRA

- 1 -

# COMPLAINT FOR VIOLATION OF RIGHTS UNDER FEHA AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964(DEMAND FOR JURY TRIAL)

Final Audit Report                                                    2024-09-23

| | |
|---|---|
| Created: | 2024-09-23 |
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAISZ5p6QgzJvDiGafFQ2iIF0rOKYki0Qx |

## "COMPLAINT FOR VIOLATION OF RIGHTS UNDER FEHA AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964(DEMAND FOR JURY TRIAL)" History

- Document created by Michael Peffer (mpeffer@pji.org)
  2024-09-23 - 10:01:23 PM GMT- IP address: 12.249.207.158

- Document emailed to Maritssa Bonilla (maritssabonilla.mb@gmail.com) for signature
  2024-09-23 - 10:01:28 PM GMT

- Email viewed by Maritssa Bonilla (maritssabonilla.mb@gmail.com)
  2024-09-23 - 10:01:33 PM GMT- IP address: 66.249.84.65

- Signer Maritssa Bonilla (maritssabonilla.mb@gmail.com) entered name at signing as Maritssa Bonilla-Guerra
  2024-09-23 - 10:07:10 PM GMT- IP address: 172.56.176.102

- Document e-signed by Maritssa Bonilla-Guerra (maritssabonilla.mb@gmail.com)
  Signature Date: 2024-09-23 - 10:07:12 PM GMT - Time Source: server- IP address: 172.56.176.102

- Agreement completed.
  2024-09-23 - 10:07:12 PM GMT

**Adobe Acrobat Sign**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT ONE (1)

BONILLA-GUERRA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/25/2024

**To:** Maritssa Bonilla-Guerra
8207 La Salle Place
Rancho Cucamonga, CA 91730
Charge No: 480-2023-00376

EEOC Representative and email:    ERIKA RIBOTA DE LA CONCHA
Equal Opportunity Investigator
erika.ribotadelaconcha@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/25/2024
Christine Park-Gonzalez
District Director

**Cc:**
Ryan L Church Esq.
Chaffey College
5885 Haven Avenue
Rancho Cucamonga, CA 91737

Michael Yoder Esq.
Mike Yoder Esq Attorney At Law
2300 Wilson Blvd Suite 700
Arlington, VA 22201

Nicole Pearson Esq.
Mike Yoder Esq Attorney At Law
2300 Wilson Blvd Suite 700
Arlington, VA 22201

Please retain this notice for your records.